UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHA TIKA AMERSON,

      Plaintiff,

Case No. 13-10233

Honorable John Corbett O'Meara

v.

ART CENTER TOWN & CARRIAGE HOMES,
*et. al.*,

      Defendants.
                                             /

**ORDER GRANTING**
**DEFENDANTS' JUNE 24, 2013 MOTION TO DISMISS**

This matter came before the court on the June 24, 2013 motion to dismiss filed by defendants Art Center Town & Carriage Homes North, L.L.C., Joel S. Welber; and The Loft Warehouse, Inc. Plaintiff Sha Tika Amerson filed a response July 23, 2013; and Defendants filed a reply brief July 31, 2013. No oral argument was heard.

**BACKGROUND FACTS**

Pursuant to an October 1, 2008 land contract with defendant Art Center Town and Carriage Homes North ("Art Center"), plaintiff Sha Tika Amerson occupied a condominium on East Palmer in Detroit, Michigan. Defendant The Loft Warehouse ("The Loft") was the broker, and defendant Joel S. Welber was the manager of Art Center.

Beginning in September 2011, Art Center began land contract forfeiture and default proceedings against Plaintiff based on her default under the land contract. These actions culminated in entry of a Judgment of Possession After Land Contract Forfeiture in favor of Art Center on June 6, 2012. A locksmith arrived at the property to change the door locks December 6, 2012.

Plaintiff Amerson filed an eight-count complaint in this court January 18, 2013. The court subsequently dismissed Counts I, VII and VIII because they were state law claims. The following counts remain: Count II, violation of Real Estate Mortgage Investment Conduit ("REMIC"), 26 U.S.C. §§ 860A *et seq.*; Count III, violation of the Servicer Performance Agreement under REMIC; Count IV, violation of the Uniform Commercial Code; Count V, failure of validation, which is alleged to be a REMIC violation; and Count VI, violations of the Federal Reserve Act.

## LAW AND ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and contemplates a "statement of circumstances, occurrences, and events in support of the claim presented." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n. 3 (2007).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 664, 668 (2009) (quoting Twombly, supra, at 570). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

In this case plaintiff Amerson alleges in Count II that Defendants violated REMIC. However, she fails to identify which provisions of this tax law have been violation; and it is uncertain whether Plaintiff has standing to enforce these provisions of the tax code. Although Count II alleges that a conveyance that was false was made to appear genuine, no document is specified, no defendant is identified, and no conduct is specified.

Count III, which alleges a violation of the Service Performance Agreement and REMIC, recites only factual and legal conclusions unsupported by any explanation of how the laws have been violated. Likewise, Count IV, which alleges violations of the Uniform Commercial Code, fails to allege which defendant(s) is/are responsible or how Plaintiff was damaged. Count V, purporting to allege another REMIC violation is also devoid of specific facts upon which to state a claim for relief. Finally, Count VI, alleging violations of the Federal Reserve Act, fails to articulate how she has sustained damages.

Throughout the complaint Plaintiff has failed to comply with the pleading requirements of Rule 8(a)(2), leaving the defendants unable to respond to the complaint in a meaningful way. Accordingly, the court must grant Defendants' motion to dismiss.

## ORDER

It is hereby **ORDERED** that Defendants' June 24, 2013 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date:  August 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 28, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager