UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHA TIKA AMERSON,

        Plaintiff,

Case No. 13-10233

Honorable John Corbett O'Meara

v.

ART CENTER TOWN & CARRIAGE HOMES,
*et. al.*,

        Defendants.
                                            /

## ORDER GRANTING
## DEFENDANT BANK OF AMERICA'S JUNE 27, 2013 MOTION TO DISMISS

This matter came before the court on defendant Bank of America, N.A.'s June 27, 2013 motion to dismiss for failure to state a claim. No response was filed, and no oral argument was heard.

## BACKGROUND FACTS

Pursuant to an October 1, 2008 land contract with defendant Art Center Town and Carriage Homes ("Art Center"), plaintiff Sha Tika Amerson occupied a condominium on East Palmer in Detroit, Michigan. Art Center deposited Plaintiff's payment checks with defendant Bank of America in its capacity as a depository bank.

At one time, Bank of America was the holder of a mortgage loan to Art Center; however, Bank of America assigned its interest in that mortgage to U.S. Acquisition, L.L.C., in April 2012. Since that time, Bank of America has had no involvement with the property that is the subject of this lawsuit.

Beginning in September 2011, Art Center began land contract forfeiture and default proceedings against Plaintiff based on her default under the land contract. These actions culminated in entry of a Judgment of Possession After Land Contract Forfeiture in favor of Art Center on June 6, 2012. A locksmith arrived at the property to change the door locks December 6, 2012.

Plaintiff Amerson filed an eight-count complaint in this court January 18, 2013. The court subsequently dismissed Counts I, VII and VIII because they were state law claims. The following counts remain: Count II, violation of Real Estate Mortgage Investment Conduit ("REMIC"), 26 U.S.C. §§ 860A *et seq.*; Count III, violation of the Servicer Performance Agreement under REMIC; Count IV, violation of the Uniform Commercial Code; Count V, failure of validation, which is alleged to be a REMIC violation; and Count VI, violations of the Federal Reserve Act.

## LAW AND ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and contemplates a "statement of circumstances, occurrences, and events in support of the claim presented." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n. 3 (2007).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 664, 668 (2009) (quoting Twombly, supra, at 570). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

In this case plaintiff Amerson fails to allege that she was harmed as a result of any action by defendant Bank of America. Indeed, she fails to allege even that Bank of America was a party to her land contract or that it played any role in her eviction proceedings. Therefore, Plaintiff has failed to allege facts supporting any plausible claim against defendant Bank of America.

## **ORDER**

It is hereby **ORDERED** that defendant Bank of America N.A.'s June 27, 2013 motion to dismiss is **GRANTED.**

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date:  August 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 28, 2013, using the ECF system and/or ordinary mail.

                                                      s/William Barkholz
                                                    Case Manager